UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS BRYANT,

                        Plaintiff,
                                                                         9:18-CV-0494
v.                                                                        (GTS/CFH)

CHRISTOPHER MILLER, Super., Great Meadow C.F.;
J. SCROGGY, Sr. Counselor, Great Meadow C.F.;
SAVAGE, Corr. Officer, Great Meadow C.F.;
KAISER, Corr. Officer, Great Meadow C.F.;
BOGARDUS, Corr. Officer, Great Meadow C.F.;
D. COONRADT, Sgt., Great Meadow C.F.;
KAREN BELLAMY, Dir. of IGP, DOCCS;
COREY JACKSON, Unit Chief of M.H.U.;
McCLOSKEY, Therapist, MHU, Great Meadow C.F.;
C. MEYERS, Nurse Prac., MHU, Great Meadow C.F.;
MEAGHAN BERNSTEIN, Risk Mgmt. Specialist, CNYPC;
DEBORAH J. McCULLOCH, Exec. Dir., CNYPC;
JAMES STEED, Clinical Risk Reviewer, OMH;
M. HAWK, Sgt., Great Meadow C.F.; and
ANN MARIE SULLIVAN, Comm'r, OMH,

                        Defendants.
_____

APPEARANCES:

THOMAS BRYANT, 02-A-5545
  Plaintiff, *Pro Se*
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York  10562

HON. LETITIA A. JAMES                           DAVID A. ROSENBERG, ESQ.
Attorney General for the State of New York     Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

# DECISION and ORDER

Currently before the Court, in this *pro se* prisoner civil rights action filed by Thomas Bryant ("Plaintiff") against the fifteen above-captioned employees of the New York State Department of Corrections and Community Supervision, Central New York Psychiatric Center, and Office of Mental Health ("Defendants"), are (1) United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that Defendants' motion to dismiss Plaintiff's Amended Complaint for failure to state a claim be granted in part and denied in part, and (2) Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 49, 50.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety.

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Hummel's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Hummel rendered the following eleven findings of fact and/or conclusions of law: (1) that the Court dismiss Plaintiff's claims against Defendants Jackson and Bellamy for lack of personal involvement; (2) that the Court dismiss Plaintiff's First Amendment free exercise claims against Defendants Miller, Savage, Hawk, Coonradt, and Scroggy; (3) that the Court dismiss Plaintiff's First Amendment Establishment Clause claims against Defendants Miller, Savage, Hawk, Coonradt, and Scroggy as to a religious exemption; (4) that the Court dismiss Plaintiff's First Amendment retaliation claims against Defendants Savage, Kaiser, and Bogardus arising from the alleged opening of Plaintiff's cell door and the denial of mental health callouts; (5) that the Court dismiss Plaintiff's Eighth Amendment conditions-of-confinement claim against Defendants Savage, Kaiser, and Bogardus arising from the alleged denial of access to programs and recreation and mental health

callouts, as well as the alleged opening of his cell door; (6) that the Court dismiss Plaintiff's Fourteenth Amendment equal protection claims against Defendants Miller, Savage, Hawk, Coonradt, and Scroggy; (7) that the Court *not* (at this time) dismiss Plaintiff's claims against Defendant Sullivan for lack of personal involvement; (8) that the Court *not* (at this time) dismiss Plaintiff's First Amendment Establishment Clause claims against Defendants Miller, Savage, Hawk, Coonradt, and Scroggy arising from the alleged attempt to have Plaintiff register as a Rastafarian; (9) that the Court *not* (at this time) dismiss Plaintiff's First Amendment Establishment Clause claim on the grounds of qualified immunity; (10) that the Court *not* (at this time) dismiss Plaintiff's First Amendment retaliation claims against Defendants Savage, Kaiser, and Bogardus arising from the alleged denial of nutritiously adequate meals; and (11) that the Court *not* (at this time) dismiss Plaintiff's Eighth Amendment conditions-of-confinement claim against Defendants Savage, Kaiser, and Bogardus arising from the alleged confinement of Plaintiff in his cell and the alleged denial of nutritiously adequate meals. (Dkt. No. 49, at Part II.)

### B. Plaintiff's Objections to the Report-Recommendation

Generally, in his Objections, Plaintiff asserts the following six challenges to Magistrate Judge Hummel's Report-Recommendation: (1) Magistrate Judge Hummel erred in his recommendation regarding the lack of personal involvement of Defendants Jackson and Bellamy because both Jackson and Bellamy were made aware of, and became personally involved in, Plaintiff's hair issues (and because Magistrate Judge Hummel is mistaken in his suggestion that Bellamy could not alter a requirement in a policy that she found to be harmful to an inmate); (2) Magistrate Judge Hummel erred in his recommendation regarding Plaintiff's First Amendment

3

free exercise claims against Defendants Miller, Savage, Hawk, Coonradt, and Scroggy because he failed to draw the strongest possible inference from Plaintiff's arguments, and he credited as facts legal arguments asserted by Defendants; (3) Magistrate Judge Hummel erred in his recommendation regarding Plaintiff's First Amendment Establishment Clause claims against Defendants Miller, Savage, Hawk, Coonradt, and Scroggy as to a religious exemption because he essentially permits Defendants to coerce Plaintiff to change his religion from atheist to Rastafarian; (4) Magistrate Judge Hummel erred in his recommendation regarding Plaintiff's First Amendment retaliation claims against Defendants Savage, Kaiser, and Bogardus arising from the alleged opening of his cell door and the denial of mental health callouts because the alleged opening of his cell door and the denial of mental health callouts rose to the level of adverse action for purposes of a retaliation claim; (5) Magistrate Judge Hummel erred in his recommendation regarding Plaintiff's Eighth Amendment conditions-of-confinement claim against Defendants Savage, Kaiser, and Bogardus arising from the alleged denial of access to programs and recreation and mental health callouts, as well as the opening of his cell door, because the alleged denial of access to programs and recreation and mental health callouts, as well as the opening of his cell door, can, and here do, were sufficiently serious to constitute violations of the Eighth Amendment (and because Plaintiff has sufficiently alleged that Defendants Savage, Kaiser, and Bogardus acted with a sufficiently culpable mental state); and (6) Magistrate Judge Hummel erred in his recommendation regarding Plaintiff's Fourteenth Amendment equal protection claims against Defendants Miller, Savage, Hawk, Coonradt, and Scroggy because federal courts have recognized atheism as a religion, and DOCCS has no legitimate penological reason for imposing the restrictions in question. (Dkt. No. 50.)

4

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not,

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted). When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Hummel's thorough Report-Recommendation, the Court can find no clear-error in those portions of the Report-Recommendation to which Plaintiff has failed to specifically object, and no error at all in those portions of the Report-Recommendation to which Plaintiff has specifically objected: Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court would add only five brief points.

First, with regard to the lack of personal involvement of Defendant Jackson, the Court rejects Plaintiff's attempt to argue that Defendant Jackson was implicitly referenced in several letters to Plaintiff from Defendants Bernstein and McCulloch. (Dkt. No. 50, at 3 [Plf.'s Obj.].)

---

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Setting aside (for the sake of brevity) the speculative nature of this argument, the argument was never presented to Magistrate Judge Hummel. (*See generally* Dkt. No. 44, at 10-11 [attaching "Point 8" of Plf.'s Opp'n Memo. of Law].) As explained above in Part II of this Decision and Order, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. The Court notes that, by the time of the issuance of the Report-Recommendation, Plaintiff had already amended his Complaint, and he had been afforded a generous time period in which to oppose Defendants' motion. Plaintiff has had an adequate opportunity to present his claims, allegations and arguments to the Court; the Court's congested docket weighs against granting him another such opportunity at this time.

Second, with regard to the lack of personal involvement of Defendant Bellamy, the Court rejects Plaintiff's belated attempt to put before the Court copies of letters sent to him from Defendant Bellamy. (Dkt. No. 50, at 10-12 [Ex. A to Plf.'s Obj.) As explained above in Part II of this Decision and Order, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. Furthermore, Plaintiff has offered no justification for not offering the evidence to Magistrate Judge Hummel. (*See generally* Dkt. No. 50 [Plf.'s Obj.].)

Third, with regard to Plaintiff's First Amendment free exercise claims against Defendants Miller, Savage, Hawk, Coonradt, and Scroggy, Plaintiff is incorrect to the extent he argues that Paragraphs 30 through 35 of his Amended Complaint demonstrate a connection between his atheist beliefs and his desire to wrap his dreadlocks atop his head without a head covering: they do not demonstrate such a connection. (Dkt. No. 12, at ¶¶ 30-35 [Plf.'s Am. Compl.].)

Fourth, with regard to Plaintiff's First Amendment Establishment Clause claims

8

concerning a religious exemption, and his Fourteenth Amendment equal protection claims, the Court rejects Plaintiff's belated attempt to identify DOCCS Directive 4914 and 4902 as the policies that allegedly "changed." (*Compare* Dkt. No. 49, at 6, n.3 [Report-Recommendation] *with* Dkt. No. 50, at 3-4 [Plf.'s Obj.].) As stated above, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance.

Fifth, Plaintiff's challenge to Magistrate Judge Hummel's findings and conclusions regarding Plaintiff's First Amendment retaliation claims arising from the alleged opening of his cell door and the denial of mental health callouts merely reiterates arguments asserted in his opposition memorandum of law. (*Compare* Dkt. No. 50, at 5-6 [attaching portion of Plf.'s Obj. asserting "Retaliation Objection"] *with* Dkt. No. 44, at 9-10 [attaching "Point 6" of Plf.'s Opp'n Memo. of Law].) As a result, this "challenged" portion of the Report-Recommendation is entitled to only a clear-error review. In any event, this portion of the Report-Recommendation would survive even a *de novo* review. The Court notes that it rejects Plaintiff's belated attempt to put before the Court his affidavit of March 14, 2017. (Dkt. No. 50, at 18-21 [Exhibit D to Plf.'s Obj.].) Furthermore, Plaintiff has offered no justification for not offering the evidence to Magistrate Judge Hummel.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 49) is

**ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 33) is **GRANTED in part** and **DENIED in part**, as recommended in the Report-Recommendation;

9

and it is further

**ORDERED** that the following claims **SURVIVE** Defendants' motion to dismiss for failure to state a claim:

(1) Plaintiff's claims against Defendant Sullivan (except to the extent they are based on the conduct of subordinates that has been otherwise found in this Decision and Order to not be actionable);

(2) Plaintiff's First Amendment Establishment Clause claims against Defendants Miller, Savage, Hawk, Coonradt, and Scroggy arising from Plaintiff's Rastafarian registration;

(3) Plaintiff's First Amendment retaliation claims against Defendants Savage, Kaiser, and Bogardus arising from the alleged denial of nutritiously adequate meals; and

(4) Plaintiff's Eighth Amendment conditions-of-confinement claim against Defendants Savage, Kaiser, and Bogardus arising from the alleged confinement of Plaintiff in his cell and the alleged denial of nutritiously adequate meals.

Dated: September 10, 2019
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge