UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS BRYANT,

                          Plaintiff,

                                                          9:18-CV-0494
v.                                                        (GTS/CFH)

CHRISTOPHER MILLER, Super., Great Meadow C.F.;
J. SCROGGY, Sr. Counselor, Great Meadow C.F.;
SAVAGE, Corr. Officer, Great Meadow, C.F.;
KAISER, Corr. Officer, Great Meadow C.F.;
BOGARDUS, Corr. Officer, Great Meadow C.F.;
D. COONRADT, Sgt., Great Meadow C.F.;
McCLOSKEY, Therapist, MHU, Great Meadow C.F.;
C. MEYERS, Nurse Prac., Great Meadow C.F.;
MEAGHAN BERNSTEIN, Risk Mgmt. Specialist, CNYPC;
DEBORAH J. McCULLOCH, Exec. Dir., CNYPC;
JAMES STEED, Clinical Risk Reviewer, OMH;
M. HAWK, Sgt., Great Meadow C.F.; and
ANNE MARIE SULLIVAN, Comm'r, OMH,

                          Defendants.
_____

APPEARANCES:                                         OF COUNSEL:

THOMAS BRYANT
  Plaintiff, *Pro Se*
90 Saratoga Avenue, Apt. #3
Yonkers, New York 10705

HON. LETITIA JAMES                                   WILLIAM A. SCOTT, ESQ.
Attorney General of the Status of New York           Assistant Attorney General
  Counsel for Defendants
The Capitol                                          JORGE A. RODRIGUEZ, ESQ.
Albany, New York 12224                               Assistant Attorney General

HON. GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action filed by Thomas Bryant

("Plaintiff") against the thirteen above-captioned employees of the New York State Department of Corrections and Community Supervision, Central New York Psychiatric Center, and New York State Office of Mental Health ("Defendants"), are (1) United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that Plaintiff's Amended Complaint be dismissed in its entirety, (2) Plaintiff's Objections to the Report-Recommendation, and (3) Defendants' response to Plaintiff's Objections to the Report-Recommendation.  (Dkt. Nos. 123, 125, 126.)  For the reasons set forth below, Magistrate Judge Hummel's Report-Recommendation is accepted and adopted in its entirety, Defendants' motion for summary judgment is granted, and Plaintiff's Amended Complaint is dismissed.

## I.      RELEVANT BACKGROUND

### A.      Magistrate Judge Hummel's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Hummel rendered the following seven findings of fact and conclusions of law: (1) Plaintiff's claims against Defendants Bogardus and Kaiser should be dismissed on the threshold ground that he failed to exhaust his available administrative remedies with regard to those claims, and on the alternative ground that those claims are meritless; (2) Plaintiff's claims against Defendants Sullivan, Miller and Coonradt should be dismissed for lack of personal involvement; (3) Plaintiff's First Amendment retaliation claims against Defendants Savage, Bogardus and Kaiser should be dismissed with prejudice because (among other reasons) Plaintiff has failed to adduce evidence showing these Defendants prevented him from obtaining meals or otherwise retaliated against him; (4) Plaintiff's First Amendment Establishment Clause claims against Defendants Savage, Miller, Hawk, Coonradt, and Scroggy should be dismissed with prejudice because (among other reasons)

Plaintiff has failed to adduce evidence showing these Defendants coerced Plaintiff into joining a religious organization; (5) Plaintiff's Eighth Amendment conditions-of-confinement claim against Defendants Savage, Bogardus, Kaiser should be dismissed with prejudice because (among other reasons), even if Plaintiff could satisfy the objective prong of this claim (which he cannot), he has failed to satisfy the subjective prong of this claim; (6) Plaintiff's Eighth Amendment deliberate medical indifference claim against Defendants Savage, Bogardus, and Kaiser should be dismissed with prejudice because (among other reasons), even if Plaintiff could satisfy the objective prong of this claim (he cannot), he has failed to satisfy the subjective prong of this claim; and (7) Plaintiff's Eighth Amendment deliberate medical indifference claim against Defendants McCloskey, Meyers, Bernstein, McCulloch, Steed and Sullivan should be dismissed because (among other reasons), even if Plaintiff could satisfy the objective prong of this claim (he cannot), he has failed to satisfy the subjective prong of this claim.  (Dkt. No. 123, at Part IV.)[1]

### B.    Plaintiff's Objections to the Report-Recommendation

Generally, liberally construed, Plaintiff's Objections chiefly assert the following four

---

[1]     In addition, Magistrate Judge Hummel denied Plaintiff's motion to reopen discovery pursuant to Fed. R. Civ. P. 56(d) for the following three reasons: (1) Plaintiff was provided all relevant documentation since his incarceration at Great Meadow C.F. and cannot, at this late stage, contend he was unable to defend against the OMH Defendants' mental health assessments of him; (2) Plaintiff's request for records prior to 2015 is both unnecessary and irrelevant because (a) he did not begin mental health treatment until 2015 and (b) Defendants McCloskey's and Meyers' testimony establishes that Plaintiff did not exhibit any symptoms indicating a serious mental illness; and (3) as to the dismissal of Plaintiff's claims against Defendant Jackson, the Court finds Plaintiff's arguments unpersuasive given that evidence has established that he received adequate medical care and any email correspondence between Defendant Jackson and the OMH Defendants does not create a genuine dispute of material fact to support a deliberate medical indifference claim.  (Dkt. No. 123, at Part IV.)

arguments: (1) Magistrate Judge Hummel erred in recommending the dismissal of Plaintiff's First Amendment retaliation claim and Eighth Amendment conditions-of-confinement claim on the grounds that Plaintiff's cell confinement was self-imposed, because in fact that confinement was imposed by Defendant Savage's order; (2) Magistrate Judge Hummel erred in recommending the dismissal of Plaintiff's Eighth Amendment deliberate medical indifference claims against Defendants Savage, Kaiser and Bogardus, because those Defendants (a) failed to recognize that Plaintiff was not eating and had lost a significant amount of weight and suffered other health conditions, and (b) failed to recognize Plaintiff's abnormal anti-social behaviors and properly alert medical or mental health staff to those behaviors; (3) Magistrate Judge Hummel erred in recommending the dismissal of Plaintiff's Eighth Amendment deliberate medical indifference claims against the OMH Defendants because (a) those Defendants' course of treatment consisting of "talk therapy" was inadequate, (b) Magistrate Judge Hummel incorrectly determined that Plaintiff's personality disorder was not sufficiently serious, and (c) Magistrate Judge Hummel dismissed Plaintiff's claims against Defendants Steed and Bernstein from this action without providing a basis for that dismissal; and (4) Magistrate Judge Hummel erred in recommending the dismissal of all of Plaintiff's remaining constitutional claims because Magistrate Judge Hummel failed to liberally construe those claims.  (Dkt. No. 125.)

C. **Defendants' Response to Plaintiff's Objections**

Generally, Defendants' response to Plaintiff's Objections sets forth the following two arguments: (1) as a threshold matter, the Court should not consider Plaintiff's Objections, because they are untimely and Plaintiff neither received nor even requested an extension of the filing deadline, and (2) in any event, the Report-Recommendation should be adopted in its

4

entirely because Plaintiff has failed to raise any specific objection to its factual findings or otherwise show that Magistrate Judge Hummel's legal conclusions are erroneous.  (Dkt. No. 126, Points I-II.)

## II.      STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)©).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1©).[2]  When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ."  28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3]  Similarly, a

---

[2]      *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3]      *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the

district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[4]      *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or

subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P.

72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error"

review, "the court need only satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation." *Id*.[5]

     After conducting the appropriate review, the Court may "accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §

636(b)(1)(C)).

## III.   ANALYSIS

     After carefully reviewing the relevant papers herein, including Magistrate Judge

Hummel's thorough Report-Recommendation, the Court can find no error in the specific portions

of the Report-Recommendation to which Plaintiff has specifically objected, and clear-error in the

remaining portions of the Report-Recommendation: Magistrate Judge Hummel employed the

proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a

result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set

forth therein and for the reasons set forth in Defendant's response to Plaintiff's Objections.  *See,*

Local Civil Rule 72.3(a)(3).");  *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

     [5]    *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

*supra,* Parts I.A. and I.C. of this Decision and Order. To those reasons, the Court would add only three brief points, which are intended to supplement and not supplant those reasons.

First, the Court notes that the majority of Plaintiff's arguments for rejecting the Report-Recommendation findings and conclusion with regard to Plaintiff's claims of deliberate medical indifferent (described above in Part I.B. of this Decision and Order) consist simply of a reiteration of arguments previous submitted to, and rejected by, Magistrate Judge Hummel. (*Compare* Dkt. No. 125, at Objection 14, 16 [Plf.'s Obj.] *with* Dkt. No. 115, Attach. 1, at 15, 17 [Plf.'s Opp'n Memo. of Law]; *compare* Dkt. No. 125 at Objection 17-18 [Plf.'s Obj.] *with* Dkt. No. 114 [Plf.'s Cross-Motion] *and* Dkt. No. 119 at Part VI [Plf.'s Reply Memo. of Law].) As a result, most of the "challenged" portions of the Report-Recommendation are entitled to only a clear-error review, which they easily survive. In the alternative, those portions of the Report-Recommendation survive a *de novo* review.

Second, although a diagnosis of antisocial personality disorder can in certain circumstances constitute a serious medical condition under the Eighth Amendment (for example, if it is accompanied by other diagnosed conditions and/or by exhibited symptoms despite therapy), the Court agrees with Magistrate Judge Hummel that, based on the admissible record evidence before the Court, no reasonable fact finder could conclude that Plaintiff's condition was sufficiently serious under the Eighth Amendment.[6] Furthermore, even if Magistrate Judge

---

[6]   *Compare McEachin v. Faruki*, 03-CV-1442, 2006 WL 721570, at *3 (N.D.N.Y. Mar. 20, 2006) (Kahn, J.) ("[The plaintiff] fails to demonstrate that he suffered from a serious medical need. Although [the plaintiff] was diagnosed with antisocial personality disorder, this condition does not constitute a serious medical illness.") (citing case from Western District of Wisconsin) *with Young v. Choinski*, 15 F. Supp.3d 172, 184 (D. Conn. 2014) (treating as a serious medical condition plaintiff's "post-traumatic stress disorder, borderline personality disorder and antisocial personality disorder") *and Sims v. Gorman*, 09-CV-6643, 2012 WL

Hummel were mistaken with regard to this issue, he based his recommendation on his alternative finding that, even if Plaintiff could satisfy the objective prong of this claim, he has failed to satisfy the subjective prong of this claim.

Third, the Court finds no basis for Plaintiff's argument that Magistrate Judge Hummel dismissed Plaintiff's claims against Defendants Steed and Bernstein without providing a reason for that dismissal, because Magistrate Judge Hummel acknowledged that Defendants Steed and Bernstein had reviewed Plaintiff's grievances concerning his mental health treatment and found Plaintiff's treatment complied with facility's guidelines.  (*See, e.g.,* Dkt. No. 123, at 25-26.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 123) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 109) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 12) is **DISMISSED** **with prejudice**.

The Court certifies that an appeal from this Decision and Order would not be taken in good faith.

Dated: September 21, 2021
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

566875, at *4 (W.D.N.Y. Feb. 21, 2012) ("The Court finds that Sims's diagnosed mental illnesses (bipolar and antisocial personality disorders), and concomitant suicidal ideation and actual suicide attempts, constituted a serious medical need.").